UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EMMA BASTIAN, WIFE OF/AND WILLMON BASTIAN | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-8933 |
| UNDERWRITERS AT LLOYDS LONDON AND LATTER & BLUM INSURANCE SERVICES, INC. | * | SECTION "L" (1) |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 3). For the following reasons, the Plaintiffs' motion is now GRANTED.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' home located at 5510 Bullard Avenue in New Orleans, Louisiana, which suffered damage as a result of Hurricanes Katrina and Rita. The Defendants in this case are Underwriters at Lloyds London ("Lloyds"), a surplus lines insurer which provided homeowner's insurance to the Plaintiffs, and Latter & Blum Insurance Services, Incorporated ("Latter & Blum"), a licensed insurance agency which procured the above policy of insurance for the Plaintiffs.

On August 28, 2006, the Plaintiffs filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. Among their claims, the Plaintiffs assert that Lloyds failed to timely and adequately adjust and pay the Plaintiffs' claim and that Latter & Blum

1

breached its fiduciary duty by placing Plaintiffs' coverage with a surplus lines insurer contrary to Plaintiffs' interests and without Plaintiffs' knowledge.

Latter & Blum removed this case to federal court on October 23, 2006, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332, because it is improperly joined and the amount in controversy exceeds $75,000. On November 22, 2006, the Plaintiffs filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Latter & Blum, a Louisiana corporation, contends that it was improperly joined and the Court must disregard its citizenship. It claims that the Court consequently has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs, Louisiana citizens, and the properly joined Lloyds, a New York corporation, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

"The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by

the removing party.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

Latter & Blum asserts that the Plaintiffs' claims against it are time-barred pursuant to La. Rev. Stat. § 9:5606, which establishes a three-year peremptive period for actions against insurance agents.  Pursuant to this statute, if the plaintiff does not file suit within three years from the date of the alleged act, omission, or neglect, the claim must be dismissed.  Moreover, if the plaintiff does not file suit within one year from the date the alleged act, omission, or neglect is or should have been discovered, the claim must be dismissed.

Latter & Blum argues that the one-year peremptive period commenced on August 19, 2005, when a change in the policy at issue occurred.  Latter & Blum asserts that the Plaintiffs were aware of any alleged negligence by Latter & Blum at this time as the Plaintiffs acknowledged receipt of an appraisal and increase in coverage on August 18, 2005.  Thus, the Plaintiffs were required to file suit by August 18, 2006, but they did not actually do so until August 28, 2006.  Latter & Blum also contends that the Plaintiffs' claims are time-barred under the three-year peremptive period because the lawsuit was filed more than three years after the

date that the Plaintiffs renewed their policy, which contained their acknowledgment that coverage was placed with a surplus lines insurer.

Latter & Blum further argues that there is no possibility that the Plaintiffs can obtain relief because the Plaintiffs cannot state a claim against it under Louisiana law.  Specifically, Latter & Blum argues that Louisiana law provides that the client is responsible for adequately advising the agent regarding coverage needed and for reading an insurance policy's provisions.  Thus, the agent has no duty to identify a client's needs and advise him or her as to whether he or she has the right type of coverage.

However, without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against Latter & Blum in this case.  *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); *S. Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).  Accordingly, the Court finds that Latter & Blum was not improperly joined and, thus, that diversity jurisdiction does not exist in this case.  *See, e.g., Alfonso v. State Farm Ins. Co.*, No. 06-6691, 2007 WL 119463 (E.D. La. Jan. 10, 2007).[1]

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and that this matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.  Additionally, Latter & Blum's Motion for Summary Judgment

---

[1] Having found that diversity of citizenship does not exist, the Court need not consider whether the amount-in-controversy requirement has been satisfied.

(Rec. Doc. 5) is DENIED AS MOOT.

New Orleans, Louisiana, this   15th   day of   March  , 2007.

*[Signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE